UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHESTER WILLIAMS,

        Petitioner,

                                            Case Number 09-12667

v.                                             Honorable Thomas L. Ludington

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS
## FOR AN EVIDENTIARY HEARING AND DISCOVERY

Petitioner Chester Williams has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's Wayne County convictions for second-degree murder and possession of a firearm during the commission of, or attempt to commit, a felony. Petitioner was sentenced to two years in prison for the felony firearm conviction, and a consecutive term of twenty-five to forty years for the murder conviction. He alleges in his habeas petition that: (1) he was deprived of a fair trial by the trial court's refusal to instruct the jury on the lesser-included offense of manslaughter; (2) the trial court improperly suppressed evidence of the victim's prior acts of violence; (3) trial and appellate counsel were ineffective; (4) the trial court improperly submitted the charge of first-degree murder to the jury, and the evidence was insufficient to sustain his conviction for second-degree murder; and (5) the police failed to preserve critical impeachment evidence. Currently pending before the Court are Petitioner's motions for an evidentiary hearing and for limited discovery.

**I**

The third habeas claim alleges that trial counsel was ineffective for failing to object when the trial court re-instructed the jury in Petitioner's and his attorney's absence. Petitioner further alleges that his appellate attorney was ineffective for failing to raise this issue on appeal. He seeks an evidentiary hearing on the issue of his attorneys' ineffectiveness.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern this case, and

> AEDPA restricts the availability of federal evidentiary hearings. *See Davis v. Lafler*, 658 F.3d 525, 539 (6th Cir. 2011) (*en banc*) (Martin, J., concurring in part). For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time. *See* [*Cullen v. Pinholster*, __ U.S. __, __, 131 S.Ct. 1388, 1398 (2011)]; 28 U.S.C. § 2254(d)(2).

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012), *petition for cert. filed*, No. 11-10290 (U.S. May 10, 2012). If the state court did not adjudicate Petitioner's claims on the merits, the question is whether he failed to develop the factual basis for his claim in state court. *See id.* (explaining 28 U.S.C. § 2254(e)(2)).[1]

---

[1] Section 2254(e)(2) reads:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

    (A) the claim relies on--

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due

It appears that no state court adjudicated the merits of Petitioner's claim about trial and appellate counsel, and Petitioner claims that he is not at fault for failing to develop the factual basis for his claim in state court. "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief . . . . [I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Id*. at 474.

Although no state court adjudicated Petitioner's ineffectiveness claim on the merits, the trial court's successor adjudicated the related allegation that there was an improper *ex parte* communication between the trial court and the jury. The successor judge stated in an order denying Petitioner's motion for relief from judgment that the trial court merely provided the jury with written copies of jury instructions previously agreed to. When a court merely reiterates instructions previously given and approved by counsel, a defendant is not deprived of his right to be present or his right to counsel at a critical stage of the proceedings. *Phillips v. Bradshaw*, 607 F.3d 199, 224 (6th Cir. 2010); *Hudson v. Jones*, 351 F.3d 212, 218 (6th Cir. 2003). The Court therefore finds it unnecessary to hold an evidentiary hearing on whether Petitioner's attorneys were ineffective for

---

diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

failing to object at trial or on appeal to the trial court's re-instruction.

## II

The fifth habeas claim alleges that the police failed to preserve critical impeachment evidence. The evidence in question is the deceased victim's tee-shirt. In his motion for discovery, Petitioner seeks the Wayne County Medical Examiner's photograph of the shirt. He contends that the it would show that the shooting was close-range and that he acted in self defense.

Habeas petitioners are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Although a judge may, for good cause, authorize a party to conduct discovery, "the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Id.* at 909. It is an abuse of discretion not to permit discovery when specific factual allegations, if fully developed, would entitle the petitioner to relief. *Id.* at 908-09.

Petitioner alleges that the prosecution failed to preserve potentially useful evidence, but to prevail on this claim, Petitioner must demonstrate that the police acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). He "must show: (1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other means." *Monzo v. Edwards*, 281 F.3d 568, 580 (6th Cir. 2002) (citing *Youngblood*, 488 U.S. at 57, and *United States v. Jobson*, 102 F.3d 214, 218 (6th Cir. 1996)).

Petitioner alleges that a photograph of the tee-shirt has exculpatory value and that he has been unable to obtain the evidence by other means. But a photograph of the missing shirt would not help Petitioner establish that the police acted in bad faith by destroying the evidence. Therefore,

Petitioner would not be entitled to habeas relief on the basis of his fifth claim even if he acquired the photograph and was able to show that the shooting was close range.

Accordingly, it is **ORDERED** that Petitioner's motion for an evidentiary hearing, ECF No. 21, is **DENIED**.

It is further **ORDERED** that Petitioner's motion for limited discovery, ECF No. 20, is **DENIED**.

Dated: October 10, 2012                     s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Chester Williams #134688, Ryan Correctional Facility, 17600 Ryan Road, Detroit, MI 48212 by first class U.S. mail on October 10, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS