UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHESTER WILLIAMS,

        Petitioner,

                                                Case Number 09-12667
v.                                                    Honorable Thomas L. Ludington

RAYMOND BOOKER,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A STAY
## AND HIS MOTION FOR LEAVE TO AMEND HIS MOTION FOR A STAY

Petitioner Chester Williams filed a *pro se* habeas corpus petition challenging his 2005 convictions, in Wayne County Circuit Court, for second-degree murder and possession of a firearm during the commission of a felony. Williams was sentenced to two years in prison for the felony firearm conviction and to a consecutive term of twenty-five to forty years in prison for the murder conviction. He alleges in his habeas corpus petition, which he filed on July 7, 2009, that: (1) the trial court deprived him of a fair trial by refusing to instruct the jury on the lesser-included offense of manslaughter; (2) he was deprived of his right to remain silent and his right to present a complete defense when the trial court suppressed evidence of the victim's prior violent and aggressive conduct; (3) his trial attorney was ineffective for failing to object to the trial court's communication with the jury in the absence of Williams and his attorney, and appellate counsel was ineffective for failing to raise this claim on appeal; (4) the trial court improperly submitted the charge of first-degree murder to the jury, and the evidence was insufficient to sustain Williams's conviction for second-degree murder; and (5) the police failed to preserve critical impeachment evidence.

Now before the Court is Williams's motion for a stay of these proceedings and to hold his habeas petition in abeyance. Williams wants to return to state court where he anticipates filing a motion for relief from judgment on grounds that (1) newly discovered evidence shows that the prosecution allowed false testimony to go uncorrected, (2) the trial court reporter intentionally omitted a police officer's testimony from the record and thereby obstructed Williams's right to a direct appeal, and (3) appellate counsel's failure to investigate matters pertaining to the record deprived Williams of effective assistance of appellate counsel. Also before the Court is Williams's motion for leave to amend the motion for a stay, in which he offers two additional grounds for returning to State court:

> Petitioner respectfully requests that this Court for leave to amend motion to hold petition in abeyance, so that Petitioner may add the following additional claims:
>
> IV.  Petitioner was deprived of his Ams VI right to effective assistance of trial counsel with counsel neglected to request a forensic fire-arm expert when critical impeachment evidence was lost or destroyed and counsel's failure to ask for an adverse inference jury instruction.
>
> V.  Petitioner was deprived of his Right to Counsel at a critical stage when counsel was not present during re-instruction of the jury.

Pet'r's Mot. Amend 2, ECF No. 30.

Although federal district courts have authority to issue stays, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), Williams already filed a motion for relief from judgment in the state trial court in January 2010. *See* Pet'r's Mot. 4, *attached as* Notice Rule 5 Materials Ex. 16, ECF No. 23. Moreover, as the Supreme Court emphasized in *Rhines*, stay and abeyance, "if employed too frequently, has the potential to undermine" the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Rhines*, 544 U.S. at 277. As a result, "stay and abeyance should be available only in limited circumstances." *Id*. Indeed, "stay and abeyance is only appropriate when

the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. A district court abuses its discretion in granting a stay concerning claims that are "plainly meritless." *Id*.

Williams's first claim, based on the evidence he has offered, is without merit. He argues that the government knowingly offered false testimony during his trial because one of the government's witnesses, Officer Lance Newman, committed perjury during his testimony. The Supreme Court has recognized that deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). However, mere inconsistencies in testimony do not establish the knowing use of false testimony by the prosecutor. *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989); *Coe*, 161 F.3d at 343. Additionally, the fact that a witness contradicts herself or changes her story also does not establish perjury. *United States v. Lebon*, 4 F.3d 1, 2 (1st Cir. 1993). Moreover, the presentation of a witness who recants or contradicts his or her prior testimony is not to be confused with eliciting perjury. *United States v. Wolny*, 133 F.3d 758, 763 (10th Cir. 1998)(citation omitted). But a habeas petition should be granted if perjury by a government witness undermines the confidence in the outcome of the trial. *Sassounian v. Roe*, 230 F.3d 1097, 1107 (9th Cir. 2000)(citation omitted).

Williams does not, however, indicate what new evidence came to light enabling him, only just now, to conclude that Officer Newman committed perjury on the stand and that the government

nevertheless offered the evidence knowing it to be false. Williams's bare assertion that new evidence has come to light—where he does not even attempt to identify what that evidence is—does not warrant a stay.

Williams's second and third claims are also plainly without merit. He first argues that his constitutional right to a direct appeal was infringed when "the court's reporter intentionally doctored and omitted the testimony of the prosecutor's officer-in-charge of the case, Lance Newman, from the record that was transmitted to the Court of Appeals." Pet'r's Mot. Stay 1, ECF No. 29; Pet'r's Mot. Amend 2, ECF No. 30. In a similar vein, Williams's third claim is that appellate counsel failed to investigate matters related to the incomplete record and thus "depriv[ed] Petitioner of his right to direct appeal . . . ." Pet'r's Mot. Stay 2; *see also* Pet'r's Mot. Amend 1. The record directly contradicts these two claims. Indeed, the transcript received by the Michigan Court of Appeals on May 30, 2006—as stamped on the document itself—includes Lance Newman's testimony. *See* Am. Trial Tr. vol. IV 1, 13–21, *attached as* Notice Rule 5 Materials Ex. 8. So the Michigan Court of Appeals had a copy of Officer Newman's testimony during Williams's direct appeal. Because there was no error to investigate, counsel cannot have been ineffective for failing to do so. These two claims are thus plainly without merit.

So, too, are the additional claims Williams's wishes to add to his motion to stay. First, Williams has already pursued his claim that trial counsel "neglected to request a forensic fire-arm expert" on direct appeal. *See* Notice Rule 5 Materials Ex. 13, at 25–29. So there is no need to grant him a stay to exhaust this claim a second time. Williams's final claim, that he was not represented by counsel when the jury was instructed, also fails. Indeed, Williams's counsel was present when the jury was instructed by the trial court. After concluding instructions, the court inquired if

Williams's counsel, Richard Glanda, had "[a]ny objection?" Am. Trial Tr. vol. IV, at 142. Mr. Glanda responded (and thus was necessarily present), "No." *Id.*

Accordingly, it is **ORDERED** that Williams's motion for a stay and to hold the habeas petition in abeyance, ECF No. 29, is **DENIED**.

It is further **ORDERED** that Williams's motion for leave to amend his motion for a stay, ECF No. 30, is **DENIED**.

Dated: June 4, 2014                                          s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Chester Williams #134688, Muskegon Correctional Facility, 2400 S. Sheridan Rd., Muskegon, MI 49442 by first class U.S. mail, on June 4, 2014.

                                   s/Tracy A. Jacobs
                                   TRACY A. JACOBS