UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHESTER WILLIAMS,

        Petitioner,                              Case No. 09-12667
                                                            Honorable Thomas L. Ludington

v.

RAYMOND BOOKER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

Chester Williams filed a habeas corpus petition challenging his 2005 convictions (in Wayne County Circuit Court) for second-degree murder and possession of a firearm during the commission of a felony. In May 2014, Williams filed two motions to stay the habeas proceedings and to hold his petition in abeyance so that he can return to state court to exhaust additional claims.[1] Specifically, in the two motions, Williams indicates that he wishes to raise the following five claims before the State of Michigan: (1) newly discovered evidence shows that the prosecution allowed false testimony to go uncorrected; (2) the trial court reporter intentionally omitted a police officer's testimony from the record and thereby obstructed Williams's right to a direct appeal; (3) appellate counsel's failure to investigate matters pertaining to the record deprived Williams of effective assistance of appellate counsel; (4) trial counsel was ineffective for failing to request a forensic firearm expert when critical impeachment evidence was lost and failed to ask for an adverse inference jury instruction; and (5) Williams's Sixth Amendment right to counsel was violated when counsel was not present

---

[1] Technically, Williams's first motion requested a stay to exhaust claims, and his second motion requested leave to amend the motion for a stay to add two additional claims.

during jury instructions. *See* Pet'r's Mot. Stay 1, ECF No. 29; Pet'r's Mot. Amend 2, ECF No. 30.

On June 4, 2014, the Court denied both of Williams's motions. Because he did not identify what new evidence came to light, Williams's first claim did not entitle him to a stay of the habeas proceedings. *See* June 4, 2014 Op. & Order 4, ECF No. 31. Williams's second, third, and fifth claims were plainly without merit, and they were also not sufficient reasons to grant a stay. *Id*. at 4–5. Williams had already presented his fourth claim on direct appeal, and thus it did not entitle him to a stay of his habeas proceedings to exhaust additional claims. *Id*. at 4.

On June 19, 2014, Williams filed a motion for reconsideration pursuant to Local Rule 7.1. Rule 7.1(h) allows a party to bring a motion for rehearing or reconsideration "within 14 days after the entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Such a motion must demonstrate not only "a palpable defect by which the court and the parties . . . have been misled," but also "that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "[M]otions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. *Id*.

In Williams's motion, he first indicates that "newly discovered evidence clearly shows that Officer Lance Newman . . . committed perjury during his testimony." Pet'r's Mot. Recon. 1, ECF No. 32. But once again, he does not explain what the newly-discovered evidence is, how it proves Officer Newman knowingly committed perjury on the stand, or how such perjury would "undermine[] the confidence in the outcome of the trial." *See Sassounian v. Roe*, 230 F.3d 1097, 1107 (9th Cir. 2000) (citation omitted). This is not grounds to grant reconsideration of the Court's previous opinion.

Next, Williams argues that his right to a direct appeal was thwarted when the court reporter "clearly violated her oath of office when she certified the trial transcript without bothering to read it." Pet'r's Mot. Recon. 3. The crux of this claim is that the reporter sent to the Michigan Court of Appeals a copy of the transcript without Officer Newman's testimony. Additionally, Williams argues he was denied effective assistance of counsel because his appellate attorney did not "critically review the entire record and investigate matters off the record" to ensure Officer Newman's testimony was included. *Id*. at 4. But the Court specifically addressed these arguments in the June 4 Opinion and Order, concluding that,

> [T]he transcript received by the Michigan Court of Appeals on May 30, 2006—as stamped on the document itself—includes Lance Newman's testimony. *See* Am. Trial Tr. vol. IV 1, 13–21, *attached as* Notice Rule 5 Materials Ex. 8. So the Michigan Court of Appeals had a copy of Officer Newman's testimony during Williams's direct appeal. Because there was no error to investigate, counsel cannot have been ineffective for failing to do so.

June 14, 2014 Op. & Order 4. As noted above, a motion for reconsideration that "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3).

Finally, Williams's argues that the trial court received a note during the first day of deliberations, but did not address it "until the next morning, outside the present [sic] of defense counsel or the Petitioner." Pet'r's Mot. Recon. 5. This claim is also directly contradicted by the record. Before taking the jury's verdict on December 20, 2005, the trial court indicated that it had received "a note just before we left last evening asking for the exhibits and asking for the elements of the murder charges." Trial Tr. vol. V, at 3, *attached as* Notice Rule 5 Materials Ex. 10. Within moments of that comment, Williams's attorney noted his presence: "Good morning, Judge. Richard Glanda for Mr. Williams." *Id*. Williams's presence was then expressly noted by

the court: "And Mr. Williams is present also." *Id.* Williams's claim that his counsel was not present, and that he was not present, when the trial court addressed the jury's note is completely undermined by the record. This argument is also not grounds to reconsider this Court's order to deny Williams's request for a stay.

Williams's motion for reconsideration does not present any defects by which the Court was misled. Thus, the motion is without merit and will be denied. *See* E.D. Mich. LR 7.1(h)(3).

Accordingly, it is **ORDERED** that Williams's motion for reconsideration, ECF No. 32, is **DENIED**.

Dated: June 26, 2014
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Chester Williams #134688, Muskegon Correctional Facility, 2400 S. Sheridan Rd., Muskegon, MI 49442 by first class U.S. mail, on June 26, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS